**IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **DALLAN JONES** )<br>    **PLAINTIFF** )<br> )<br>**V.** )<br> )<br>**TOTAL TANK SYSTEMS, LLC** )<br>**EDDIE AGUILAR** )<br>**JUSTIN AGUILAR** )<br>**DEFENDANTS** ) | **CIVIL ACTION** 5:18-cv-01009<br>**JURY TRIAL DEMANDED** |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Dallan Jones brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Potential Class Members,) who worked for Total Tank Systems, LLC. (hereinafter "Total Tank"), Eddie Aguilar (hereinafter "EAguilar"), and Justin Aguilar (hereinafter JAguilar) and were paid a salary plus an hourly job rate but no overtime, during the past three years, to recover compensation, liquidated damages, attorneys, fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

**I.
OVERVIEW**

1.1   This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FL5N), 29 U.S.C. § 201 *et. seq.*

1.2   Plaintiff and the Potential Class Members are those persons who worked for Total Tank within the last three years and were paid a fixed salary plus an hourly job bonus for all hours worked in the field, but did not receive overtime for all hours worked over forty (40) in each workweek.

1.3   The FLSA requires that all forms of compensation--including the non-

discretionary hourly job bonuses paid to Plaintiff and the Potential Class Members-be included in the calculation of the regular rate of pay for overtime purposes.

1.4     Plaintiff and the Potential Class Members routinely worked in excess of forty (40) hours per workweek.

1.5     Plaintiff and the Potential Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

1.6     The decision by the Defendants not to pay overtime compensation to Plaintiff and the Potential Class Members was neither reasonable nor in good faith.

1.7     The Defendants knowingly and deliberately failed to compensate Plaintiff and the Potential Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.8     Plaintiff and the Potential Class Members did not perform work that meets the definition of exempt work under the FLSA.[1] Specifically, Plaintiff and the Potential Class Members performed technical and manual labor type job duties associated with various oilfield assignments and jobs.

1.9     Plaintiff and the Potential Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. §216(b).

1.10    Plaintiff also pray that all similarly situated workers (Potential Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston,* 276 F.3d 659, 666 (5th Cir. 2001).

## II.
## THE PARTIES

2.1     Plaintiff Dallan Jones ("Jones") is an individual who resides in Pinedale, Wyoming. Plaintiff Jones worked for Total Tank within the meaning of the FLSA within the relevant three-year period. Plaintiff Jones did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.2     The Potential Class Members are those current and former field employees who work (or have worked) for Colt in the past three years and have been subjected to the same illegal pay system under which the Plaintiff Yuen worked and were paid.

2.3     Total Tank Systems, LLC is a Texas limited liability corporation with its principle place of business located in San Antonio, Texas. TTS is authorized and registered to do business in Texas. It may be served by serving its registered agent, **Roy E. Aguilar at 17115 San Pedro Ave., Suite 320, San Antonio, Texas 78232.**

2.4     Roy E. (Eddie) Aguilar is an individual who resides in San Antonio, Texas and a resident of Texas and   is an employer as defined by 29 U.S.C. § 203(d) and, along with Total Tank, employed or jointly employed Plaintiff and the Potential Class Members   He can be served by serving him at his residence **2435 Winding View, San Antonio, Texas 78260** or by serving him at his place of business at **17115 San Pedro Ave., Suite 320, San Antonio, Texas 78232.**

2.5     Justin Aguilar is an individual who resides in San Antonio, Texas and a resident of Texas and is an employer as defined by 29 U.S.C. § 203(d) and, along with Total Tank, employed or jointly employed Plaintiff and the Potential Class Members   He can be served by serving him at his place of business at **17115 San Pedro Ave., Suite 320, San Antonio, Texas 78232.**

---

2     The written consent of Plaintiff is attached hereto as Exhibit "A".

2.6     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They dictate the practice goals and what pressing or tactical items need to be done in order to meet the goals of Total Tank. Further, Defendants manage key internal relationships to Total Tank; they direct the financials of Total Tank; and they control the salary and hourly job rates of Plaintiff and the Potential Class Members who directly or indirectly report to these Defendants. Moreover, these Defendants have the power to hire and fire Plaintiff and the Potential Class Members; supervise and control Plaintiff and the Potential Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331(a) as this is an action implicating federal question jurisdiction, arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over the Defendants because the cause of action arose within this district as a result of the Defendants' continuous and systemic conduct within this district regarding the decisions to not pay overtime and the payment of wages that did not include overtime.

3.3     Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, Total Tank maintains its principal place of business in San Antonio, Bexar County, Texas, and EAguilar and JAguilar are individuals who are believed

to reside in San Antonio, Bexar County, Texas. Decisions regarding wage and hour were routinely made in San Antonio, Bexar County, Texas, all of which are in this District and this Division. EAguilar and JAguilar are owners and/or managers of Total Tank.

3.5    Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1    At all times hereinafter mentioned, Defendants have been employers and owners within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2    At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3    At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4    During the respective periods of Plaintiff and the Potential Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce.

4.5    In performing the operations hereinabove described, Plaintiff and the Potential Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i),

203(j), 206(a), 207(a).

4.6     Specifically, Plaintiff and the Potential Class Members are (or were) non-exempt employees who worked for Defendant and were engaged in oilfield services that were directly essential to the production of goods for Defendant and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiff and the Potential Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.8     The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former employees who worked for Total Tank Systems, LLC and/or EAguilar, from August 1, 2016 to the present, and were paid a salary plus an hourly job bonus but did not receive overtime."

4.9     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Total Tank.

## V.
## FACTS

5.1     Total Tank is based in San Antonio, Texas and provides oilfield services to drilling and production sites throughout the State of Texas and United States. EAguilar and JAguilar, since formation, has owned equity interests in Total Tank and are the managers and agents with actual authority to bind Total Tank to contracts and agreements, or require Total Tank to perform under its contracts and agreements. EAguilar and JAguilar directs all of the business activities of Total Tank and are the chief managing member and has the authority and power to cause Total Tank to act or refrain from acting as the case may be. In addition to the

ownership interest of EAguilar and JAguilar in Total Tank, it is believed that Terry Booker is a co-owner of Total Tank and has engaged in management type activities for and on behalf of Total Tank. Subsequent discovery in this case will confirm this and at that time this complaint will be amended to add Terry Booker as a defendant.

5.2    It is believed EAguilar and Terry Booker had negotiated a sale of Total Tank to a newly formed entity known as "PetroStar Services, LLC." According to the Secretary of State of Wyoming, PetroStar was formed as a Wyoming LLC on June 6, 2014, shortly after the lunch meeting between Plaintiff and EAguilar. The information discovered includes public announcement of PetroStar to its employees, on or around a September 18, 2018:

> Please find attached the exciting & important company news letter by Eddie Aguilar. PetroStar Services, LLC is pleased to announce the acquisition of Total Tank Systems, Colt Oilfield Services, LLC and Pacesetter Services, LLC. As a wholly owned subsidiary of PetroStar Holdings, LLC, PetroStar Services will continue to be based in San Antonio, Texas under its current leadership and management team.
>
> Further, PetroStar Services, LLC is planning additional investments that will increase our growth and capacity in the oil and gas industry. This will give our company a more substantial presence in which will further strengthen our mission to be a truly national organization. Meanwhile, we welcome our new Chief Executive Officer, Terry Booker and PetroStar Services, LLC to our family.

5.3    This announcement likewise discloses the hiring of one of the three (3) Total Tank owners, Terry Booker ("Booker"), who it is believed has an interest in Total Tank. Whether PetroStar is liable for these wage claims, subsequent discovery will aid the Plaintiff in causing PetroStar to be brought into this lawsuit.

5.4    To provide their services, the Defendants employed numerous workers - all of

these individuals make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the oilfield.

5.5    Plaintiff worked for Total Tank as field hand and operator in the oil field helping provide oil field related services to customers of Total Tank.

5.6    Plaintiff and the Potential Class Members were paid a fixed salary plus an hourly job bonus, but did not receive time and a half for all hours worked in excess of forty (40) in a workweek.

5.7    Plaintiff and the Potential Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/or its clients. Virtually every job function was pre-determined by Defendants, including the tools to use at a job site, the schedule of work, and related work duties.

5.8    Plaintiff and the Potential Class Members were prohibited from varying their job duties outside of the predetermined parameters. Moreover, Plaintiff and the Potential Class Members' job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

5.9    Indeed, Plaintiff and the Potential Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the oilfield.

5.10   Plaintiff and the Potential Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.11   Plaintiff and the Potential Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not)

responsible for making hiring or firing recommendations.

5.12    Moreover, Plaintiff and the Potential Class Members did not (and currently do not) supervise two or more employees.

5.13    Plaintiff and the Potential Class Members worked (and continue to work) long hours. Specifically, the Defendants regularly scheduled Plaintiff and the Potential Class Members for a minimum of twelve (12) hours per day and they regularly worked a minimum of 84 hours per week.

5.14    Upon information and belief, the non-discretionary hourly job bonuses paid to Plaintiff and the Potential Class Members were meant to encourage and motivate Plaintiff and the Potential Class Members to work harder and to reward them for their hard work.

5.15    Upon information and belief, the non-discretionary hourly job bonuses were based upon a pre-determined formula established by the Defendants. Moreover, specific criteria had to be met in order to receive the non-discretionary hourly job bonuses.

5.16    When Plaintiff and the Potential Class Members met the criteria, they were entitled to receive the non-discretionary hourly job bonuses.

5.17    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay. Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

5.18    Pursuant to 29 C.F.R. § 778.209, these non-discretionary hourly job bonuses (and any other non-discretionary compensation) should have been included in Plaintiff and the Potential Class Members, regular rates of pay before any and all overtime multipliers were applied.

5.19    Not only did Defendants fail to include these non-discretionary hourly job bonuses in Plaintiff and the Potential Class Members' regular rates of pay before applying any and all overtime multipliers, Defendants did not pay any overtime at all for work in excess of forty (40) hours per week.

5.20    Because Defendants did not pay its workers time and a half for all hours worked in excess of forty (40) in a workweek, its pay policies and practices violate the FLSA.

## VI.
## CAUSES OF ACTION

**A.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1    Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2    Defendants failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Potential Class Members.

6.3    Thus, Plaintiff' experiences are typical of the experiences of the Potential Class Members.

6.4    The specific job titles or precise job requirements of the various Potential Class Members does not prevent collective treatment.

6.5    All of the Potential Class Members-regardless of their specific job titles,

precise job requirements, rates of pay, or job locations-are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.6    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Potential Class Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

6.7    Defendants employed a substantial number of workers in the United States during the past three years. These workers are geographically dispersed, residing and working in states across the country. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

6.8    Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations.

6.9    Moreover, individual litigation would be unduly burdensome to the judicial system.  Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.10   Accordingly, the class of similarly situated Plaintiff should be defined as:

ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR TOTAL TANK SYSTEMS, LLC AND/OR EDDIE AGUILAR OR JUSTIN AGUILAR FROM AUGUST 1, 2015 THROUGH THE PRESENT, AND WERE PAID A SALARY PLUS AN HOURLY JOB BONUS BUT DID NOT RECEIVE OVERTIME.

## VII.
### Document Preservation Notice

7.1    Plaintiff hereby request that you preserve all documents, tangible things, and electronically stored information potentially relevant to the facts and issues in this lawsuit, including but not limited to the facts made the basis of this lawsuit. As used in this document,

"Defendant(s)" includes you and your agents, consultants, custodians, friends, spouses, attorneys, accountants, staff, employees, and other such representatives with potentially discoverable evidence within or under its control.

7.2   Additionally, the terms "documents" and "electronically stored information" ("ESI") have the following meanings when used herein: The term "document" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries; and the term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined.

7.3   Some information subject to discovery in this lawsuit may be stored on your current or former personal and business computer systems and other media storage devices (including personal digital assistants, voice-messaging systems, and cell phones). This request to preserve extends to active data, archival data, backup data, deleted data, legacy data, and metadata (including embedded metadata and file system metadata).  Electronically stored information ("ESI") includes potentially relevant information electronically, magnetically, or optically stored such as:

- Digital communications (e.g., e-mail, voice mail, instant messaging, text messaging);
- Word processed documents (e.g., Word or WordPerfect files, documents, and drafts);
- Image and facsimile files (e.g., .pdf, .tiff, .jpg., .gif images);
- Flash drives, thumb nails, cd's, disks, cloud
- Sound recordings (e.g. .wav and .mp3 files);

- Databases (e.g.. Access. Oracle, SQL server data, SAP);
- Contact and relationship management data (e.g., Outlook, ACT!);
- Calendar and diary application data (e.g., Outlook PST, Yahoo, blog tools or files);
- Online access data (e.g.. temporary internet files, web history, cookies);
- Network access and server activity logs;
- Back-up and archival files (e.g., .zip, .gho).

7.4   You are instructed to take appropriate steps to preserve ESI in its native form or in the form in which the ESI is ordinarily maintained. Any attempts by you or someone acting on your behalf that in any way violates this notice, will be the subject of a court hearing filed by the Plaintiff seeking sanctions, spoliation of evidence and any other relief as allowed by Texas law. Please notify any current or former agent, attorney, employee, custodian, or contractor in possession of potentially relevant ESI to preserve such ESI.

## VIII. RELIEF SOUGHT

8.1   Plaintiff respectfully pray for judgment against Defendants as follows:

a.   For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b.   For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.   For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d.   For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have

joined in the suit);

  e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

  f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

  g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

      Respectfully submitted,

      **Hilliard Martinez Gonzales LLP**

      By: /s/ J. Mitchell Clark
      J. Mitchell Clark, of Counsel
      State Bar. No. 04283900
      Mitchell@hmglawfirm.com
      Robert C. Hilliard
      State Bar No. 09677700
      bobh@hmglawfirm.com
      John B. Martinez
      State Bar No. 24010212
      john@hmglawfirm.com
      Rudy Gonzales, Jr.
      State Bar No. 08121700
      rudyg@hmglawfirm.com
      Catherine D. Tobin
      State Bar No. 24013642
      catherine@hmglawfirm.com
      Marion M. Reilly
      State Bar No. 24079195
      marion@hmglawfirm.com
      Bradford M. Klager
      State Bar No. 24012969
      brad@hmglawfirm.com
      Jessica J. Pritchett
      State Bar No. 24102377
      jpritchett@hmglawfirm.com

      719 S. Shoreline Boulevard
      Corpus Christi, Texas 78401
      Telephone No.: 361.882.1612
      Facsimile No.: 361.882.3015

      *hmgservice@hmglawfirm.com
      *service by e-mail to this address only

# EXHIBIT A

## CONSENT TO JOIN WAGE CLAIM

PRINT NAME:     **DALLAN JONES**

1. I hereby consent to participate in a collective action against Total Tank Systems, LLC to pursue my claims of unpaid overtime during the time I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at Hilliard Martinez Gonzales, LLP as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at Hilliard Martinez Gonzales, LLP to use this consent to file my separate lawsuit, class/collective action or arbitration against the company.

SIGNATURE: *Dallan Jones*     DATE: 9/24/2018