IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DALLAN JONES, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-18-CV-1009-FB |
| | § | |
| TOTAL TANK SYSTEMS, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF ADMINISTRATIVE CLOSURE

Before the Court is the status of the above styled and numbered cause which has been completely consolidated with another case, *Avelar v. Colt Oilfield Services, LLC, et al.*, Civil Action No. SA-18-CV-1007-FB (docket #53), with the *Avelar* case being designated as the lead case with all filings pertaining to this litigation to be filed only in that case. Therefore, the Court finds that because this case is completely consolidated with another on this Court's docket, this case is appropriate for administrative closure. *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere . . . . The effect of an administrative closure is no different from a simple stay . . . ."); *see also CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006) ("administratively closing a case is merely a case-management tool used by district court judges to obtain an accurate count of active cases").

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to ADMINISTRATIVELY CLOSE this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request of any party or on the Court's own motion.

It is so ORDERED.

SIGNED this 31st day of July, 2020.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE